IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONELLA HOBBS, etc.,

   Plaintiff,

vs.          Case No. 3:17cv306

COMMUNITY EMERGENCY    JUDGE WALTER H. RICE
MEDICAL SERVICE, INC., et al.,

   Defendants.

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #19), WITHOUT PREJUDICE TO RENEWAL FOLLOWING THE COMPLETION OF CERTAIN STEPS; NEW SCHEDULING ORDER DELAYED

---

Unfortunately, through no fault whatsoever of counsel of record, the captioned cause appears to have become stalled. The competent producing cause of said lack of forward movement is, without question, due to two factors: the abandonment of the Plaintiff by her initial counsel and the Court's somewhat confusing Decision and Entry of December 13, 2018 (Doc. #26). It is the purpose of this Entry to both clarify certain matters and to set this case on a path for ultimate disposition.

In its Decision and Entry of December 13, 2018, this Court stated as follows:

> Defendant has filed a Motion for Summary Judgment (Doc. #19). It is the order of the Court that Plaintiff's counsel file a memorandum in opposition to said Motion for Summary Judgment or, in the alternative, a motion pursuant to Fed. R. Civ. P. 56(d), not later than 28 days from date of this Decision. The moving Defendant will then have 14 days thereafter to file whatever reply memorandum is deemed necessary.

> The Court will then take the aforesaid Motion for Summary
> Judgment under advisement and render a decision thereon as
> quickly as may be practicable. Should the case remain viable after
> the decision on said motion, a scheduling conference will be
> convened by the Court.

It was the hope of the Court that, as a result of the above Decision and Entry, Plaintiff would either file a memorandum contra the then-pending Motion for Summary Judgment (Doc. #19) or, by filing a motion pursuant to Fed. R. Civ. P. 56(d), set forth, with some specificity, the discovery that she will need to oppose said Motion for Summary Judgment. Should the latter approach be taken by Plaintiff's counsel, it was the intent of the Court to allow a certain period of time for mutual discovery, to be followed thereafter, within a certain period of time, by Plaintiff's memorandum contra the Defendant's Motion for Summary Judgment. Unfortunately, the Decision and Entry said no such thing.

Plaintiff's counsel did exactly what the Court requested he do, in its Order of December 13, 2018 (Doc. #26), by filing in timely fashion a "Motion to Deny or Defer Ruling on Defendant Community Emergency Medical Service, Inc.'s Motion for Summary Judgment" (Doc. #27), outlining the issues that he felt warranted discovery and setting forth his conclusions that discovery would allow Plaintiff the opportunity to have her case adjudicated on the merits and, further, that discovery would allow the uncovering of relevant, admissible evidence in support of her Complaint. From there, the matter stalled.

Accordingly, it is the order of the Court that:

1. The Defendant's Motion for Summary Judgment (Doc. #19) is OVERRULED, without prejudice to renewal, in the same or different form once the period of discovery set forth below is completed. This Court takes this action, given the fact that, once discovery has been completed, it is highly probable that the factual and

legal bases supporting the now-overruled Motion for Summary Judgment will be somewhat, if not completely, altered.

2. The parties will have 120 days from date of filing of this Decision and Entry in which to conduct any and all needed discovery, both lay and expert.

3. Not later than 30 days following the conclusion of the above-referenced period of discovery, Defendant will file any new motion for summary judgment deemed advisable, with briefing thereon, in the form of a memorandum contra and a reply such to be filed according to the Local Rules of Court.

4. Should the captioned cause remain viable, following the Court's decision on the new motion for summary judgment or a decision not to file such 30 days after close of the discovery period, a scheduling conference will be held, in order to set a new trial date and other dates leading to the resolution of this litigation.

March 21, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record