IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONELLA HOBBS, etc., | : |
| Plaintiff, | |
| v. | : Case No. 3:17-cv-306 |
| COMMUNITY EMERGENCY MEDICAL SERVICE, INC., | : JUDGE WALTER H. RICE |
| Defendant. | : |

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #33); OVERRULING PLAINTIFF'S MOTION TO DISMISS VOLUNTARILY AND WITHOUT PREJUDICE (DOC. #36); OVERRULING AS MOOT MOTION FOR HEARING AND REQUEST FOR PRETRIAL STATUS CONFERENCE (DOC. #39); PLAINTIFF TO RESPOND TO DEFENDANT'S REQUEST FOR REIMBURSEMENT OF DUPLICATIVE ATTORNEY FEES WITHIN 14 BUSINESS DAYS OF THIS DECISION AND ENTRY; THE COURT'S DECISION ON DUPLICATE ATTORNEY FEES WILL BE CONSIDERED POST-JUDGMENT; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter is before the Court on a Motion for Summary Judgment filed by Defendant, Community Emergency Medical Service, Inc. ("CEMS"), Doc. #33. In response to this motion, Plaintiff, Donella Hobbs ("Plaintiff"), has filed a Motion for Voluntary Dismissal without Prejudice and a Memorandum Opposing Summary Judgment, Doc. #36. CEMS has filed a Memorandum in Opposition to Plaintiff's Motion for Voluntary Dismissal and Reply in Further Support of Motion for Summary Judgment. Doc. #37. Plaintiff has filed a Reply to Defendant's

memorandum opposing her motion to dismiss. Doc. #38.  CEMS has also requested oral argument pursuant to S.D. Ohio Civ. R. 7.1(b)(2), Doc. #37, a Hearing Request for Pretrial Status Conference, Doc. #39, and a request for reimbursement of duplicative attorney fees. Doc. #33, PAGEID#335.

Plaintiff has aptly described this case for medical malpractice and wrongful death as having a "tortured procedural history from the date of its commencement in the Common Pleas Court of Montgomery County, Ohio[,] to the present."  In order to decide the motions pending before it, however, the Court must first review this "tortured procedural history," followed by an analysis of Defendant's motion for summary judgment and Plaintiff's motion to dismiss without prejudice.

I. **Procedural and Factual Background**

On May 11, 2017, Plaintiff filed her case in Montgomery County Common Pleas Court.  An Amended Complaint, naming as Defendants Parastar, Inc.,[1] and CEMS, was filed on August 2, 2017.  On August 31, 2017, the case was properly removed to this Court and on December 19, 2017, a Preliminary Pretrial Order was filed.  In this Order, a deadline of March 26, 2018, was given for Plaintiff to disclose the identity of her experts, their reports, or the subject matter and summary of the facts and opinions for experts not required to prepare reports. Doc. #14.

---

[1] Parastar, Inc., was voluntarily dismissed on September 21, 2017. Doc. #11.

Plaintiff failed to comply with this deadline[2] and, on April 5, 2018, CEMS filed a motion to strike [Plaintiff's Disclosure of Expert Witnesses]. Doc. #17. On April 24, 2018, Magistrate Judge Ovington granted Plaintiff's request for an extension of time to respond to April 27, 2018. Despite requesting an extension, however, Plaintiff did not oppose the Motion to Strike; nor did she file anything in opposition to Defendant's Motion to Strike expert witness disclosures for which she had sought an extension. On June 22, 2018, the Magistrate Judge sustained CEMS's motion and Plaintiff's Disclosure of Experts was stricken. Plaintiff was, therefore, left without experts.

On June 15, 2018, CEMS moved for summary judgment, Doc. #19. Instead of filing a response opposing the motion for summary judgment, however, Plaintiff filed a motion to voluntarily dismiss her case. Doc. #20. CEMS filed a response opposing this motion, Doc. #21, and on October 24, 2018, a motion to substitute counsel for Plaintiff was filed along with a notice withdrawing the motion to voluntarily dismiss her complaint. Doc. ##22 and 23.

Claiming that she was the "victim of legal malpractice" at the hands of her previous trial counsel and needing more time for discovery, Plaintiff, on November 6, 2018, sought to amend the pretrial order so that she could have, among other things, an extension of the discovery period in order to respond to the motion for

---

[2] On March 26, 2018, Plaintiff served what she called her "Disclosure of Expert Witnesses," listing five (5) experts "whom she may call at trial." However, she did not provide any expert reports or opinions as required by the Federal Rules of Civil Procedure or this Court's Order of December 19, 2017, (Doc. #14).

3

summary judgment. Doc. #24. In doing so, Plaintiff stated "[t]his Court can be assured that Plaintiff's current counsel will advance this case toward a timely adjudication on the merits." *Id*. Plaintiff's motion to amend and correct was granted on December 13, 2008, Doc. #26, over the opposition of Defendant. Doc. #25. Thereafter, Plaintiff filed a motion, pursuant to Fed. R. Civ. P. 56(d), asking this Court to overrule Defendant's motion for summary judgment as premature or, in the alternative, to defer a decision on that motion until the completion of discovery. Doc. #27. This motion was opposed by CEMS. Doc. #28.

On March 21, 2019, the Court issued a Decision and Entry, overruling CEMS's Motion for Summary Judgment, Doc. #19, without prejudice to renewal following the completion of discovery. Doc. #30. Additionally, the Court gave the parties 120 days to complete both lay and expert discovery, with CEMS to file any new motion for summary judgment within 30 days following the conclusion of discovery. *Id*. Any response and reply to the motion for summary judgment would be in accordance with the local rules. *Id*.

On July 23, 2019, CEMS filed its new motion for summary judgment, Doc. #33. CEMS argued that, despite the 120 day extension of time given to Plaintiff to conduct discovery and, in the words of her counsel, "likely establish at minimum genuine issues of material fact," no discovery was conducted by her. Doc. #37, PAGEID#437. According to Defendant, Plaintiff failed to "propound a single written discovery request or seek to schedule a single deposition." *Id*. Defendant further points out that, during the period of the extension, Plaintiff offered no expert

4

testimony to establish the appropriate standard of care for the alleged medical negligence of the CEMS paramedics. On August 5, 2019, Plaintiff was given, at her request, until September 12, 2019, to respond to Defendant's new motion for summary judgment. *Id*. Plaintiff also had pending a separate lawsuit in state court arising from the same incident. In the state court proceeding, Plaintiff failed to respond, despite repeated requests, to written discovery and also failed to provide expert witnesses by the agreed upon deadlines. When a motion for summary judgment was filed in state court by Defendant, Plaintiff, on May 13, 2019, voluntarily dismissed her case, Doc. #33, PAGEID#329, after having apparently done little if anything to prosecute her lawsuit. Montgomery County Clerk of Courts, 2018 CV 03638, *Donella Hobbs v Renee Dittmer*, et al., Docket ID:33408405 (Monday, May 13, 2019, 6:43:28 PM) www.clerk.co.montgomery.oh.us/pro.

In response to CEMS's new motion for summary judgment, Doc. #33, Plaintiff, filed a Motion for Voluntary Dismissal Without Prejudice and included a memorandum opposing Defendant's motion for summary judgment. Doc. #36. The memorandum, however, does not substantively oppose Defendant's motion for summary judgment. Instead, Plaintiff asserts that "[O]n May 23, 2019, Plaintiff's current law firm experienced a major staffing upheaval when one of its two partners left the firm" followed by the departure of a "senior paralegal"' the following month. Doc. #36, PAGEID#428. As such, the delays in prosecution in this case, according to Plaintiff, are neither her fault nor that of her attorneys. *Id*. Arguing that this case "belongs in state court against *all* of the proper defendants,"

5

(emphasis in original), stating that the case should have been in state court from the outset. Therefore, Plaintiff requested a dismissal of <u>this</u> case without prejudice. *Id*.

## II. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the

6

[unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091

7

(1990). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III. Legal Analysis of Motion for Summary Judgment and Motion to Dismiss Without Prejudice

**A. Motion for Summary Judgment (Doc. #33)**

CEMS alleges that Plaintiff has made allegations in her Amended Complaint that require expert testimony. Relevant portions of the First Amended Complaint read as follows:

> 6. Defendants fell below the accepted standards of transportation care in providing appropriate attention and treatment to Annette Owens.
>
> 7. On or about May 18, 2016, agents of Defendants, while in the course and scope of their employment and while in the process of transporting Annette Owens, negligently[,] failed to prevent a fall which directly resulted in serious injury including[,] but not limited to[,] fracturing her left hip. The Montgomery County Coroner['s] Office determined that as a result of this left hip injury[,][3] Annette Owens became immobile[,] developed ulcerated bedsores[,] which lead to pneumonia[,] and Annette Owens' death. The actions of Defendants and/or their agents deviated from the standard of care and were a direct and proximate cause of Annette Owens's injuries and death.

Doc. #5, PAGEID##103-104.

Based on these allegations, CEMS asserts that "the accepted standards of transportation care" that the paramedics allegedly failed to follow and "the proximate cause" of Owens' fracture to her left hip,[4] subsequent injuries and death are at issue. Failure to produce any expert reports or opinions addressing

---

[3] Plaintiff has also stated in a later pleading that it was Owens' left femur that was fractured. Doc. #20, PAGEID#193.

8

these standards of transportation care and the proximate cause of injuries and death prevent Plaintiff from meeting her burden of proof at trial. Doc. #33, PAGEID#332. As such, CEMS argues, its motion for summary judgment should be sustained since expert testimony of the medical negligence of paramedics and/or EMTs, is required in order to establish the appropriate standard of care. *Mitchell v. Norwalk Area Health Serv.*, 6th Dist., Huron No. H-05-002, 2005 WL 2415995, *59 (citing *Wright v. Hamilton*, 141 Ohio App.3d 296, 302 (12th Dist. 2001) ("As the standard of care expected of a paramedic making a decision whether to transport a patient to the hospital is not sufficiently obvious that nonprofessionals could reasonably evaluate the defendants' conduct, expert testimony is necessary to establish the appropriate standard of care."). This expert testimony, as argued by CEMS, also includes the proper technique to transfer a non-ambulatory patient from a gurney to a chair. *Mitchell*, 2005 WL 2415995, *59. CEMS further contends that expert testimony is needed in this case, since the subject area is complex and not within a layperson's common knowledge. *Kerns v. Hobart Brothers*, 2nd Dist., No. 2007 CA 32, 2008 WL 1991909 *124 (where pregnant worker alleges that exposure to chemicals caused birth defects and mental retardation to her son, expert testimony is required for both general causation and specific causation). Finally, according to CEMS, expert testimony is needed to prove the "causal connection" between the decedent's hip injury and her ulcerated bed sores which allegedly led to her pneumonia and ultimate death. *Ramage v. Central Ohio Emergency Serv.*, Inc., 64 Ohio St. 3d 97 (1992) (expert testimony is required to

9

establish standard of care, breach of that standard, and proximate cause of the injury in negligence action involving the professional skill and judgment of emergency room nurses).

CEMS concludes its motion for summary judgment with a request for "duplicative costs" in the amount of $1,295.00, since Plaintiff was given an additional 120 days for discovery in order to respond to CEMS's motion for summary judgment and did nothing. The Court's Decision and Entry of December 13, 2018, stated that "[S]hould Defendant be forced to incur any duplicative costs, by virtue of his once dormant case becoming viable, temporarily or otherwise, a motion for said duplicative costs should be filed and the Court, after giving Plaintiff the opportunity to respond, will consider the request." Doc. #26, PAGEID#232.

### B. Motion to Dismiss Without Prejudice (Doc. #36)

#### 1. "Plain Legal Prejudice"

Plaintiff did not respond substantively to CEMS's motion for summary judgment. Instead, she filed a motion requesting that her case should be dismissed, without prejudice, pursuant to Fed. R. Civ. P. Rule 41(a), and refiled in state court, Doc. #36. The decision to dismiss her case without prejudice is a decision within the sound discretion of the court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (dismissal pursuant to Rule 41(a) is within sound discretion of the court with consideration of whether the non-moving party

will suffer "plain legal prejudice" if the motion to dismiss is granted). Plaintiff argues that CEMS "will suffer no 'plain legal prejudice' by voluntary dismissal of this case and its subsequent re-filing in state court with all claims and parties properly joined in one proceeding." Doc. #36, PAGEID#430.

In *Grover by Grover*, 33 F.3d 425, the Sixth Circuit stated that "[T]he primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir.1990). Abuse of discretion "is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988). In determining "plain legal prejudice," four factors are considered.

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. (citations omitted).

*Grover by Grover*, 33 F.3d at 718.

There is "no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the ultimate discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, Nos. 05-4451, 05-4452, 217 Fed. Appx.

11

498, 502 (6th Cir. 2007) (existence of pending motions for summary judgment in wrongful death and personal injury action did not preclude grant of plaintiffs' motion to dismiss without prejudice). The Court will review each of the factors based on the history of this case.

### a. Effort and Expense in Preparing for Trial

CEMS states that it has "spent over 220 hours preparing this case for trial" and "incurred over $40,500.00 in legal fees and expenses." Doc. #37-1, PAGEID##451-452. Some of this legal time and expense is a result of the defense undertaken by CEMS in the state court case. Nevertheless, this Court's docket shows that CEMS has filed a motion to dismiss, Doc. #6, an answer, Doc. #12, a motion to strike, Doc. #17, two oppositions to motions for voluntary dismissal, Doc. ##21 and 37, an opposition to Plaintiff's Rule 56(d) motion, Doc. #28, an Opposition to Plaintiff's Motion to Amend the Preliminary Pretrial Conference Order, Doc. #25, two motions for summary judgment, Doc. ##19 and 33, and a notice of removal, Doc. #1. CEMS has also prepared for and defended the depositions of the two CEMS employees. Doc. #37, PAGEID##442-443. CEMS asserts that if the case is refiled, much of the effort and expense would not be useful in a second action. Doc. #37, PAGEID#443. Although the Court, on December 13, 2018, granted Plaintiff's motion to amend the preliminary pretrial order, Doc. #26, trial was scheduled for January 28, 2019. Accordingly, the first factor does not weigh in favor of sustaining Plaintiff's motion.

### b. Diligence in Prosecution

Although the two CEMS employees were apparently deposed by prior counsel, it does not appear from the docket that Plaintiff has otherwise been diligent in the prosecution of this case. Specifically, there was no compliance with the March 26, 2018, Court ordered expert disclosure deadline for Plaintiff's expert witnesses, Doc. #14, no opposition to CEMS's Motion to Strike Plaintiff's Expert Disclosure, Doc. #17, none to CEMS's first Motion for Summary Judgment, Doc. #19, and no formal written discovery has been served.  It should be noted, however, that current counsel did not begin formal representation of Plaintiff until December 19, 2018.  However, on March 21, 2019, current counsel requested and received 120 additional days to conduct discovery, yet no such discovery was conducted by Plaintiff and, despite an additional 35-day extension being given to file a substantive response to CEMS's Motion for Summary Judgment, Doc. #33, no such substantive response was filed.  The Court finds that the second *Grover* factor weighs in favor of a dismissal with prejudice.

### c. Sufficiency of the Reason for Dismissal

According to Plaintiff's counsel, on May 23, 2019, one of the two partners in his law firm left, followed by a senior paralegal approximately one month later. Doc. #36, PAGEID#428.  This "major staffing upheaval," which apparently occurred on the eve of an out of town jury trial in federal court, is Plaintiff's counsel's justification for the filing of the motion for dismissal without prejudice. Left unaddressed by counsel for Plaintiff, however, is any explanation of what

13

specific effect the departure of the partner and paralegal had on this Plaintiff's case, what work was done on Plaintiff's case in the 120 days from March 21, 2019, and why the present motion to dismiss without prejudice was not filed before CEMS's motion for summary judgment. According to the docket in the state court action, a dismissal without prejudice was filed in Plaintiff's case on May 13, 2019. While the Court is not unsympathetic to Plaintiff's law firm and staffing issues, the "primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover*, 33 F.3d 425. Without any explanation or details being offered, the Court does not find that the sufficiency of Plaintiff's reason for dismissal weighs in her favor.

### d. Filing of Dispositive Motion

In accordance with this Court's March 21, 2019, decision and Entry, CEMS filed its second motion for summary judgment on July 23, 2019. Plaintiff asserts that CEMS will not suffer "plain legal prejudice" if her Motion to Dismiss Without Prejudice is sustained. However, "plain legal prejudice results when the district court permits voluntary dismissal '[a]t the point when the law clearly dictates a result for the defendant….'" *Smith v. Holston Medical Group, P.C.*, 595 Fed. App. 474, 477-78 (6th Cir. 2014) (since plaintiff's expert witness was precluded from testifying in medical malpractice claim preventing plaintiff from proving her claims, granting of a motion to dismiss without prejudice would strip defendants of an absolute defense). Given that this is CEMS's second Motion for Summary Judgment, each one based upon Plaintiff's failure to designate expert witnesses,

14

the Court finds that this *Grover* factor does not weigh in favor of a dismissal without prejudice.

### 2. Request for Duplicative Costs

In accordance with this Court's Decision and Entry of December 13, 2018, Doc. #26, CEMS has requested "reimbursement for its attorneys' fees necessary to bring the present (and duplicative) motion." Doc. #33, PAGEID#335. The amount requested is $1,295.00 and is supported by an affidavit of counsel. Doc. #33-2, PAGEID##353-354. Defendant has also submitted an affidavit of counsel stating that an additional $1,665.00 will be billed for the time and expense involved in drafting Defendant's memorandum opposing Plaintiff's motion for voluntary dismissal. Doc. #37-1, PAGEID#452. Plaintiff's has 14 business days from the filing of this Decision and Entry to respond to this request.

Defendant's request for attorney fees will be considered post judgment. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162 (1982**).**

## IV. Conclusion

For the reasons set forth above, CEMS's Motion for Summary Judgment, Doc. #33, is SUSTAINED. Plaintiff's Motion for Voluntary Dismiss Without Prejudice, Doc. #36, is OVERRULED. The Motion for Hearing and Request for Pretrial Status Conference, Doc. #39, is Overruled as Moot. Plaintiff is ordered to

file a response to Defendant's request for reimbursement of attorney fees within 14 business days of the filing of this Decision and Entry.[5]

Date: April 3, 2020

/s/ Walter H. Rice (tp- per Judge Rice authority)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[5] This Court regrets the factual and legal necessity of the above rulings. However, in an attempt to mitigate the alleged "legal malpractice" to which Plaintiff's decedent was subjected to by her former counsel, this Court has attempted to give Plaintiff the benefit of all discretionary rulings by this Court. However, in spite of this, Plaintiff has not followed through on the extended deadlines she requested and, indeed, has taken no discernible action to preserve this case for trial on the merits.